UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FISK ELECTRIC COMPANY | CIVIL ACTION |
| VERSUS | NO. 13-6275 |
| ALLEN WRIGHT ENTERPRISES, INC. ET AL. | SECTION "L" (4) |

## ORDER & REASONS

Before the Court is Defendant United States Army Corps of Engineers' (USACE) Motion to Dismiss for Lack of Subject Matter Jurisdiction. (R. Doc. 36). The Court has reviewed the briefs and the applicable law, and the Court now issues this Order & Reasons.

## I. BACKGROUND

This case arises out of a construction contract dispute. Defendant Allen Wright Enterprises, Inc./Hamp's Construction, LLC ("Wright-Hamps") contracted as the prime contractor with the United States Army Corps of Engineers on storm proofing the interior of the Harvey Pump Station, USACE Project Number W912P8-08-D—0048. (R. Doc. 1 at 2). Defendant Hartford Fire Insurance Company ("Hartford") issued a Miller Act payment bond on behalf of Wright-Hamp's. (R. Doc. 1 at 3). Plaintiff Fisk Electric Company ("Fisk") entered into a contract wherein Fisk would provide the electrical work on the project (the "Agreement"). (R. Doc. 1 at 3). Pursuant to the agreement, the estimated cost of Fisk's work was $616,000. (R. Doc. 1 at 3). Fisk alleges that it performed all electrical services outlined in the Agreement, but Wright-Hamp's has failed to fully reimburse Fisk and has only paid $405,985.00 to Fisk. (R. Doc. 1 at 3). Fisk also contends that the scope of the project changed and Fisk completed additional work, totaling an additional $86,504.76. (R. Doc. 1 at 4). Fisk further alleges that through no fault of its own, the project was not timely completed and resulted in additional

expenses to Fisk in the amount of $62,205.00 (R. Doc. 1 at 4).  Fisk asserts that Wright-Hamp's owes Fisk $358,724.76.

Based on these facts, Fisk asserts a claim for the full sum of $358,724.76 plus interest, costs, and attorney's fees against Wright-Hamp's and its surety Hartford.  (R. Doc. 1 at 7).  Alternatively, Fisk alleges that the facts constitute a breach of contract, and Wright-Hamp's is liable for damages, including interest, costs, and attorneys' fees.  (R. Doc. 1 at 7).  If the Court finds no remedy at law, Fisk asserts a claim of unjust enrichment.

Wright-Hamp's filed an Answer, Counterclaim and Third Party Demand on January 16, 2015.  (R. Doc. 15).  Wright-Hamp's alleges that Fisk breached its subcontract, thereby causing Wright-Hamp's increased costs and expenses in the amount of $90,000.  (R. Doc. 15 at 7).  Wright Hamp's also avers that Fisk is responsible for an assessment of liquidated damages against Wright-Hamp's by USACE in the amount of $140,000.  (R. Doc. 15 at 8).  The third party demand asserts that USACE owes Wright-Hamp's for additional expenses accrued on the project, as well as the entirety of the $140,000 liquidated damages withheld by USACE.  (R. Doc. 15 at 11).  Wright-Hamp's posits that these moneys constitute a substantial portion of the damages sought by Fisk in its Complaint.  (R. Doc. 15 at 11).  Wright-Hamp's asserts that the Court has supplemental jurisdiction[1] over USACE, in accordance with 28 U.S.C. § 1367.  (R. Doc. 41 at 2).

---

[1] The Answer, Counterclaim, and Third Party Demand of Wright-Hamp's technically asserts that the Court has *ancillary jurisdiction* over USACE.  (R. Doc. 15 at 8).  However, 28 U.S.C. § 1367 (2012) eliminated the distinction between pendent jurisdiction and ancillary jurisdiction, unifying both under the title "supplemental jurisdiction."  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005) ("Nothing in § 1367 indicates a congressional intent to recognize, preserve, or create some meaningful substantive distinction between the jurisdictional categories we have historically labeled pendent and ancillary.").  Thus, the Court will interpret all references to ancillary jurisdiction, including accompanying case law, in the context of supplemental jurisdiction as created by § 1367.

**II.     PRESENT MOTION**

USACE moves to dismiss the third party demand filed by Wright-Hamp's against USACE, on the grounds that this Court lacks subject matter jurisdiction. (R. Doc. 36). USACE asserts that the Contracts Disputes Act of 1978, 41 U.S.C. §§ 601–613 (2012), ("Contracts Disputes Act") and/or the Tucker Act, 28 U.S.C. § 1491(a)(2) (2012), control, providing exclusive jurisdiction or voiding any alternative jurisdiction this Court might have over USACE. (R. Doc. 36-1 at 1). Alternatively, USACE contends that Wright-Hamp's has not exhausted the administrative remedies required by the Contracts Dispute Act. (R. Doc. 36-1 at 6).

**A.     USACE's Motion to Dismiss**

USACE begins with the Tucker Act's preclusive effect on this Court's jurisdiction. USACE asserts that the Tucker Act provides for exclusive jurisdiction in the Court of Federal Claims for claims exceeding $10,000. (R. Doc. 36-1 at 7 (citing 28 U.S.C. § 1346(a)(2) and 28 U.S.C. 1491(a)(1))). USACE also cites Fifth Circuit case law suggesting the same. (R. Doc. 36-1 at 7 (citing *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 941 (5th Cir. 1999) ("[T]he law of this circuit is clear that the Court of Claims has exclusive jurisdiction of a Tucker Act claim in excess of $10,000." (internal quotation marks and brackets omitted)))).

USACE also argues that the Contracts Disputes Act controls this case. (R. Doc. 36-1 at 7–8). USACE lists the various administrative procedures required by the Contracts Disputes Act and Federal Acquisition Regulation ("FAR") Part 33, and ultimately concludes that only a contracting officer, the Board of Contract Appeals, the Court of Federal Claims, and the United States Court of Appeals for the Federal Circuit can possess jurisdiction over the claim at issue. (R. Doc. 36-1 at 8). USACE then requests that this Court dismiss the case rather than transfer it to the Court of Federal Claims, arguing that the Court of Federal Claims also lacks jurisdiction

because Wright-Hamp's failed to exhaust required administrative procedures. (R. Doc. 36-1 at 9).

### B. Wright-Hamp's Opposition

Wright-Hamp's asserts that the unique procedural posture of the case at bar gives the Court subject matter jurisdiction. Specifically, Wright-Hamp's refers to the supplemental jurisdiction of the Court, as provided for in 28 U.S.C. § 1367. Wright-Hamp's notes that supplemental jurisdiction generally grants a federal district court jurisdiction over matters that are part of the same case or controversy, or those which require the presence of another party for full and complete adjudication of claims. (R. Doc. 41 at 3). Wright-Hamp's also states that supplemental jurisdiction is justified in part on the grounds of judicial economy, and it would be economical to deny USACE's motion. (R. Doc. 41 at 3–4).

Wright-Hamp's challenges USACE's construction of the Tucker Act by citing case law. (R. Doc. 41 at 4–7). Wright-Hamp's highlights the Supreme Court's holding in *Bowen v. Massachusets*, 487 U.S. 879 (1988), which states that the Tucker Act allows for exclusive jurisdiction in the Court of Federal Claims insofar as "Congress has not granted any other court authority to hear the claims that may be decided by the Claims Court." *Id.* at 910 n.48. Relying on *Bowen*, Wright-Hamp's argues that § 1367 is one such grant of jurisdiction to the federal district courts.

Additionally, Wright-Hamp's asserts that this Court has the jurisdiction over USACE to the extent that the Court of Federal Claims cannot provide an adequate remedy. (R. Doc. 41 at 10–11). Wright-Hamp's also asserts that this Court has the authority to review "arbitrary administrative decisions or lack of decisions." (R. Doc. 41 at 11). This power presumably stems

4

from the APA and is governed by *Chevron* and its progeny, although these sources of law are not cited in Wright-Hamp's brief.

Wright-Hamp's further argues that the CDA and FAR do not preclude third party jurisdiction over USACE. (R. Doc. 41 at 12). Wright-Hamp's claims that neither apply, because the principal demand was made by Fisk under the Miller Act. Fisk is a subcontractor, not a contractor, and Wright Hamp's contends that the CDA and FAR specifically regulate claims by contractors. (R. Doc. 41 at 12). Wright-Hamp's also debates USACE's characterization of the administrative record, arguing that even if the CDA and FAR do apply that Wright-Hamp's has exhausted its remedies. (R. Doc. 41 at 7–10). Wright-Hamp's vigorously contests USACE's assertion that Wright-Hamp's has not requested a final decision, attaching a Request for Final Decision dated June 29, 2012, and a supplement to its prior Request for Final Decision dated July 31, 2012. (R. Docs. 1, 2).

### C. USACE's Reply

USACE replies with leave of this Court. USACE argues in response that Wright-Hamp's argument of judicial efficiency is irrelevant, because convenience has no bearing on subject matter jurisdiction. (R. Doc. 44 at 2). Instead, USACE highlights the importance of the Contracts Disputes Act. USACE stresses the requirement of certification, (R. Doc. 44 at 4-5), and notes that the enumerated forums for appeal are limited. (R. Doc. 44 at 5). USACE also distinguishes Wright-Hamp's cited case law on the grounds that neither cited case was governed by the Contracts Disputes Act. (R. Doc. 44 at 5-6).

**III.     LAW AND ANALYSIS**

    **A.     The Law of Subject Matter Jurisdiction**

USACE's motion is filed pursuant to Federal Rule of Civil Procedure 12(b)(1), which permits a party to challenge a district court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proof. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub. nom,* 536 U.S. 960 (2002) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

Wright-Hamp's asserts that the Court has supplemental jurisdiction over this case pursuant to 28 U.S.C. § 1367. Section 1367 provides that:

> [T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

USACE does not contest the formal requirements of subject matter jurisdiction in its brief. USACE instead asserts that the reach of § 1367(a) is limited by the Tucker Act. The Tucker Act provides in relevant part:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . any other civil action or claim against the United States, not exceeding $10,000 in

6

> amount . . . upon any express or implied contract with the United
> States . . . .

28 U.S.C. § 1346 (a)(2) (2012). The Tucker Act further provides the Court of Federal Claims with jurisdiction over all claims based on appeals from contracting officers' final decisions. 28 U.S.C. § 1491(a)(1).

USACE further argues that the Contracts Disputes Act denies this Court jurisdiction under § 1367(a). While the Act does not directly address supplemental jurisdiction, it does provide that

> (a) Each claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision. . . . (g) The contracting officer's decision is final and conclusive and is not subject to review by any forum, tribunal or Federal Government Agency, unless an appeal or action is timely commenced as authorized by this chapter.

41 U.S.C. § 7103 (2012). The Contracts Disputes Act explicitly provides for appeals of a final decision to an agency board or the United States Court of Federal Claims. § 7104(a), (b)(1).

While not explicit in its brief, Wright-Hamp's also asserts that this Court has federal question jurisdiction pursuant to its authority to review arbitrary administrative decisions based on the Administrative Procedure Act (APA). 5 U.S.C. §§ 702, 704, 706 (2012). Wright-Hamp's indirectly references § 706, which requires a reviewing district court to "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. . . ." Notably, Congress limited judicial

7

review under the APA to cases where "there is no other adequate remedy in a court." 5 U.S.C. § 704.

### B. Supplemental Jurisdiction and the Tucker Act

Wright-Hamps is correct to assert that the "exclusive" nature of the Federal Court of Claims' exclusive jurisdiction is somewhat a misnomer. As noted in *Bowen*, "[The Federal Court of Claims'] jurisdiction is 'exclusive' only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the Claims Court." *Bowen v. Massachusetts*, 487 U.S. 879, 910 n.48 (1988). Following this holding, it appears that the district courts share concurrent jurisdiction with the Federal Court of Claims on some breach of contract claims exceeding $10,000.[2]

Despite precedent suggesting that this Court may possess subject matter jurisdiction over the claim at bar, Wright-Hamp's argument fails. Wright-Hamp's asserts a claim against the Government, so this Court must find both a waiver of sovereign immunity as well as subject matter jurisdiction. The Fifth Circuit squarely addressed both issues in *Wilkerson*, where the plaintiffs argued that supplemental jurisdiction provided subject matter jurisdiction over government contracts exceeding $10,000. *Wilkerson v. United States*, 67 F.3d 112, 118–19 n.13 (5th Cir. 1995). In that case, the plaintiff alleged that her Fifth Amendment claim arose from the same case or controversy as her tax claim, and averred that the district court had jurisdiction pursuant to § 1367(a). *Id.* The Fifth Circuit dismissed the argument on the grounds that § 1367 does not waive sovereign immunity. *Id.* "Section 1367(a) . . . deals only with the federal courts' power to exercise subject matter jurisdiction over certain claims and does not operate as a waiver

---

[2] The Fifth Circuit's jurisprudence appears to be in conflict with *Bowen*. In *Wilkerson*, the Fifth Circuit cited pre-*Bowen* cases and held that the Court of Claims' jurisdiction is exclusive even when some other statute confers jurisdiction on a district court. *See Wilkerson v. United States*, 67 F.3d 112, 118 (5th Cir. 1995); *see also Refaei v. McHugh*, No. 14-51148, 2015 WL 3622966, at *5 (5th Cir. June 11, 2015) (unpublished opinion) (suggesting the same). The Court declines to address this issue.

of the United States sovereign immunity. . . . Here there is no waiver except to have the claims heard in the Court of Claims." *Id.*

So too here. The United States is immune to suit in federal court except to the extent that Congress has waived sovereign immunity. *United States v. Mitchell (Mitchell I)*, 445 U.S. 535, 538 (1980). "Sovereign immunity and subject matter jurisdiction are distinct doctrines." *Wilkerson*, 57 F.3d at 118–19 n.13. Congress waived sovereign immunity regarding claims exceeding $10,000 in the Court of Federal Claims. *See* 28 U.S.C. § 1491(a)(1); 28 U.S.C. § 1346(a)(2). Congress also gave this Court subject matter jurisdiction over claims that arise out of the same case or controversy as a matter already properly in federal district court. § 1367(a). However, Congress did not waive sovereign immunity in accompaniment with this grant of jurisdiction. Waivers of sovereign immunity must be "unequivocally expressed," *United States v. Bormes* 133 S.Ct. 12, 16 (2012) (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992), and there is no express waiver in § 1367(a).

The cases cited by Wright-Hamp's do not resolve this issue. Wright-Hamp's is generally correct that other circuits, including the federal circuit, have interpreted *Bowen* to allow for concurrent jurisdiction over some Tucker Act claims exceeding $10,000. *See, e.g.*, *Tritz v. U.S. Postal Service*, 721 F.3d 1133, 1137 (9th Cir. 2013) (characterizing the "exclusive jurisdiction" provided by the Tucker Act as a presumption of jurisdiction), *cert. denied*, 134 S. Ct. 2692 (2014); *Fisherman's Harvest, Inc. v. PBS&J*, 490 F.3d 1372, 1376 (Fed. Cir. 2007). However, in each of these cited cases, the Government waived sovereign immunity in addition to affirmatively granting subject matter jurisdiction.

For example, the plaintiff in *Tritz* conceded that his contract claim for over $10,000 against the United Postal Service fell within the scope of the Tucker Act, but he argued

9

successfully that the United States granted jurisdiction to federal district courts and waived sovereign immunity in the Postal Reorganization Act (PRA). *Tritz*, 721 F.3d at 1137–38. The PRA provides that "the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service." 39 U.S.C. § 409(a). With the plain language of this statute in mind, the Ninth Circuit held that the PRA functioned as a waiver of both subject matter jurisdiction and sovereign immunity. *Tritz*, 721 F.3d at 1138. *Fisherman's Harvest* is similarly unavailing. The plaintiff's claims in that case were private claims, and therefore could not trigger the government's sovereign immunity. *Fisherman's Harvest*, 490 F.3d at 1366.

Thus, even if this Court were to find that § 1367(a) grants supplemental jurisdiction for the purposes of a third-party claim against USACE, the Fifth Circuit does not construe § 1367(a) as a waiver of sovereign immunity. Wright-Hamp's argument fails.

  **C.**  **Supplemental Jurisdiction and the Contracts Disputes Act**

Pursuant to this Court's finding that § 1367(a) does not waive sovereign immunity for claims such as the one at bar, *see* Part III.B., *supra*, the Court declines to rule on any effect the Contracts Disputes Act might have on § 1367(a).

  **D.**  **Federal Question Jurisdiction Granted by the APA**

Wright-Hamp's also posits that the APA grants this Court jurisdiction over its breach of contract claim. While this Court has the authority to review arbitrary and capricious agency action pursuant to the APA, 5 U.S.C. § 706(2)(A) (2012), Congress limited judicial review to cases where "there is no other adequate remedy in a court." 5 U.S.C. § 704.

Contrary to Wright-Hamp's assertion, the APA does not grant this Court power to review cases such as the one at bar. Wright-Hamp's brings a breach of contract claim for money

damages.  Precedent denying APA review for suits for monetary damages is legion, because the Tucker Act provides an adequate remedy at law.  *See, e.g.*, *Smith v. Secretary of the Army*, 384 F.3d 1288, 1293–94 (Fed. Cir. 2004) (holding that an APA action against the Army could not be maintained in district court if damages and the ancillary equitable relief that was available in the Court of Federal Claims provided an adequate remedy); *Armendariz-Mata v. Dep't of Justice*, 82 F.3d 679, 682 (5th Cir. 1996) ("[W]hen the substance of the complaint at issue is a claim for money damages, the case is not one covered by § 702"); *cf. Amoco Prod. Co. v. Hodel*, 815 F.2d 352, 367 (5th Cir. 1987) ("Congress has carefully set up the division between [the district courts and the Court of Federal Claims] and we must be cautious not to undermine that congressional decision.").

      The case law cited by Wright-Hamp's is inapposite.  In *Jacoby v. Schuman*, the district court reviewed an agency decision for abuse of discretion.  568 F. Supp. 843 (E.D. Mo. 1984).  However, at the outset, the court dismissed all of the plaintiff's actions for monetary damages stemming from their contract with the Department of Agriculture.  *Id.* at 846.  The court did retain one claim, but the claim sought an injunction to prevent foreclosure of the plaintiff's farm.  *Id.* at 847.  Thus, *Jacoby* stands for the principle that an action that sounds purely in equity, such as an injunction to prevent foreclosure, is within the ambit of the APA.  The Court cannot analogize the denial of payment at bar with an injunction to prevent foreclosure.

      *Flaherty v. National Marine Fisheries Service, Financial Services Division*, 697 F. Supp. 127 (E.D.N.Y. 1988), is similarly unavailing.  In *Flaherty*, the plaintiff's complaint requested declaratory and injunctive relief calling for the reversal of the Department of Fisheries' denial of payment for lobster pots.  Wright-Hamp's does not assert a claim for injunctive or declaratory relief in its Complaint, despite its reference to arbitrary and capricious agency action in its brief.

Further, the APA provides for district court jurisdiction where "there is no other adequate remedy." 5 U.S.C. § 704. If Wright-Hamp's brought its claim in the Court of Federal Claims, Wright-Hamp's could avail itself of that court's pertinent equitable powers. Section 1491(a)(2) provides that "In any case within its jurisdiction, the [Court of Federal Claims] shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just." 28 U.S.C. § 1491(a)(2) (2012). Because Wright-Hamp's can receive its desired remedy from the Court of Federal Claims, this Court must obey Congress's command to refrain from reviewing agency action for which an adequate remedy exists elsewhere. *See Delano Farms Co. v. California Table Grape Comm'n*, 655 F.3d 1337, 1340, 1347 (Fed. Cir. 2011) (finding damages and incidental equitable relief to be an "adequate remedy"); *Amoco Production Co. v. Hodel*, 815 F.2d 352, 367–68 (5th Cir. 1987) (noting that the district court should have considered the equitable powers of the Claims Court when evaluating whether an "adequate remedy" existed for purposes of the APA). The reasoning in *Flaherty* fails to properly weigh the Court of Federal Claim's ancillary equitable powers, and is thus unpersuasive.

Because Wright-Hamp's possesses an adequate remedy in the Court of Federal Claims, the Court finds that it does not have jurisdiction under the APA to review the allegedly arbitrary and capricious actions of USACE.

      **E.**    **USACE's Request for Dismissal**

Upon finding that this Court lacks subject matter jurisdiction over the case at bar, the Court must determine whether to transfer the case or dismiss it without prejudice. Section 1631 provides that a district court shall preference transfer over dismissal, but only if transfer "is in the interests of justice." 28 U.S.C § 1631 (2012). A dismissal for lack of subject matter jurisdiction

12

is not on the merits and is therefore without prejudice.  *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1013 (5th Cir. 1998); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) ("'No jurisdiction' and 'with prejudice' are mutually exclusive.").

USACE asserts that transfer to the Court of Federal Claims would be fruitless, because the Court of Federal Claims lacks jurisdiction over this matter in its present posture.  USACE cites Wright-Hamp's failure to complete the administrative requirements imposed by the CDA as the primary jurisdictional obstacle.  (R. Doc. 36-1 at 9).  Specifically, USACE avers that Wright-Hamp's failed to submit a "proper" Request for Contracting Officer's Final Decision, as required by the CDA.  (R. Doc. 36-2).  Wright-Hamp's responds with two emails from 2012 that request a final decision regarding outstanding items in the contract.  (R. Doc. 41-1 and 41-2).  There is no evidence suggesting the contracting officer informed Wright-Hamp's that its Request for Contracting Officer's Final Decision was defective, as required by 41 U.S.C. §7103(b)(3).  USACE also fails to cite any case law suggesting that Wright-Hamp's emails do not constitute a claim for purposes of the CDA.  *See James M. Ellett Const. Co. v. United States*, 93 F.3d 1537, 1542–43 (Fed. Cir. 1996) ("[T]here are three requirements a nonroutine submission must meet to be a 'claim.' It must be: (1) a written demand or assertion, (2) seeking as a matter of right, (3) the payment of money in a sum certain. . . ."); *West Coast General Corp. v. United States*, 19 Cl. Ct. 98, 100 (1989) ("No magic words are required by the statute.").  The Government's conclusory assertion that Wright-Hamp's requests are improper does not weigh heavily with this Court.

However, the Court finds that transfer to the Court of Federal Claims is not in the best interests of justice.  Wright-Hamp's has not specified whether it would prefer transfer to dismissal.  Under the Contracts Disputes Act, Wright-Hamp's possesses multiple strategic

options for resolving its dispute with USACE.  Wright-Hamp's may request a final decision regarding USACE's July 16, 2015 denial of their requests, and afterwards appeal to the Armed Services Board of Contract Appeals.  41 U.S.C. § 7104.  Wright-Hamp's may bring an action directly in the Court of Federal Claims following a final decision, pursuant to § 7104(b)(1).  Additionally, Wright-Hamp's may assert under § 7013(f)(5) that the failure of USACE to timely issue a decision in response to their June, 2012, request for a final decision should be deemed a denial of a claim.  *See, e.g.*, *Rudolph & Sletten, Inc. v. United States*, 120 Fed. Cl. 137, 143 (2015) (deeming a claim denied when contracting officer failed to respond in a reasonable time). Construing USACE's slow response as a denial would allow for immediate appeal.  Notably, the Court finds that the latter option represents the only jurisdictional grounds for a transfer, and it presents a contentious legal issue which Wright-Hamp's may prefer not to face.

Thus, the Court finds that dismissal without prejudice, rather than transfer, is appropriate given the aforementioned lack of subject matter jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that USACE's Motion to Dismiss for Lack of Jurisdiction (R. Doc. 36) is hereby **GRANTED**.  Wright-Hamp's claim is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 17th day of September, 2015.

_____
UNITED STATES DISTRICT JUDGE